1  SUE FAHAMI
Executive Assistant
2  District of Nevada
Nevada Bar No. 5634
3  KIMBERLY M. FRAYN
Assistant United States Attorney
4  501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
5  Tel: (702) 388-6336
Kimberly.Frayn@usdoj.gov
6  *Attorneys for the United States*



7

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

8  UNITED STATES OF AMERICA,

9          Plaintiff,

10              v.

11  CHRISTINA FAVA,

12          Defendant.

13

No. 2:25-CR- 261 - RFB

**Plea Agreement for Defendant**
**Christina Fava Pursuant to**
**Fed. R. Crim. P. 11(c)(1)(A) and (B)**

14          This plea agreement between Christina Fava ("defendant") and the United States

15  Attorney's Office for the District of Nevada (the "USAO") sets forth the parties' agreement

16  regarding the criminal charges referenced herein and the applicable sentence and fine in the

17  above-captioned case. This agreement binds only defendant and the USAO and does not bind

18  the district court, the U.S. Probation Office, or any other federal, state, local, or foreign

19  prosecuting, enforcement, administrative, or regulatory authorities. This agreement does not

20  prohibit the USAO or any agency or third party from seeking any other civil or administrative

21  remedies, including administrative forfeiture or civil forfeiture *in rem* actions, directly or

22  indirectly against defendant or defendant's property.

23          This agreement becomes effective upon signature by defendant, defendant's counsel, and

24  an Assistant United States Attorney.

1    SUE FAHAMI
     Executive Assistant
2    District of Nevada
     Nevada Bar No. 5634
3    KIMBERLY M. FRAYN
     Assistant United States Attorney
4    501 Las Vegas Boulevard South, Suite 1100
     Las Vegas, Nevada 89101
5    Tel: (702) 388-6336
     Kimberly.Frayn@usdoj.gov
6    *Attorneys for the United States*

                    **UNITED STATES DISTRICT COURT**
7                    **FOR THE DISTRICT OF NEVADA**

8    UNITED STATES OF AMERICA,              No. 2:25-CR-

9              Plaintiff,

10             v.                           **Plea Agreement for Defendant**
                                            **Christina Fava Pursuant to**
11   CHRISTINA FAVA,                        **Fed. R. Crim. P. 11(c)(1)(A) and (B)**

12             Defendant.

13

14        This plea agreement between Christina Fava ("defendant") and the United States

15   Attorney's Office for the District of Nevada (the "USAO") sets forth the parties' agreement

16   regarding the criminal charges referenced herein and the applicable sentence and fine in the

17   above-captioned case. This agreement binds only defendant and the USAO and does not bind

18   the district court, the U.S. Probation Office, or any other federal, state, local, or foreign

19   prosecuting, enforcement, administrative, or regulatory authorities. This agreement does not

20   prohibit the USAO or any agency or third party from seeking any other civil or administrative

21   remedies, including administrative forfeiture or civil forfeiture *in rem* actions, directly or

22   indirectly against defendant or defendant's property.

23        This agreement becomes effective upon signature by defendant, defendant's counsel, and

24   an Assistant United States Attorney.

# I. DEFENDANT'S OBLIGATIONS

1.     Defendant agrees to:

     a.     Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a one count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with Possession of 15 or More Unauthorized Access Devices in violation of 18 U.S.C. § 1029(a)(3);

     b.     Stipulate to the facts agreed to in this agreement;

     c.     Abide by all agreements regarding sentencing contained in this agreement;

     d.     Not seek to withdraw defendant's guilty plea once it is entered;

     e.     Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter;

     f.     Not commit any federal, state, or local crime;

     g.     Be truthful at all times with the U.S. Probation and Pretrial Services Offices and the Court;

     h.     Before and after sentencing, upon request by the Court, the USAO, or the Probation Office, provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning defendant's assets and defendant's ability to pay. As part of the required disclosure, defendant agrees to provide any and all financial information and authorizations requested by the Probation Office for preparation of the Presentence Report. Defendant further agrees that, upon filing of this agreement, the USAO is authorized to obtain defendant's credit report. Defendant will also complete a financial form provided by the USAO, to include all supporting documentation, and return it to the USAO within ten (10) days from entry of the plea. Defendant agrees that the district court may enter

1  any order necessary to effectuate or facilitate disclosure of defendant's financial information.

2              i.        To facilitate payment of any fine, restitution, or assessment, surrender

3  assets defendant obtained directly or indirectly as a result of defendant's crimes. Defendant

4  agrees to voluntarily release funds and property under defendant's control or in which defendant

5  has any property interest, before and after sentencing, to pay any fine or restitution identified in

6  this agreement, agreed to by the parties, or ordered by the Court.

7              j.       Agree to and not oppose the imposition of the following special conditions

8  of probation or supervised release:

9                   i.       You must not use or possess any controlled substances without a

10  valid prescription. If you do have a valid prescription, you must disclose the prescription

11  information to the probation officer and follow the instructions on the prescription;

12                  ii.       You must submit to drug testing as directed by the court or the

13  probation officer;

14                  iii.       You must participate in an outpatient substance abuse treatment

15  program and follow the rules and regulations of that program. The probation officer will

16  supervise your participation in the program. You must pay the costs of the program;

17                  iv.       You must work full time (at least 30 hours per week) at a lawful type

18  of employment, unless the probation officer excuses you from doing so. If you do not have full-

19  time employment you must try to find full-time employment, unless the probation officer

20  excuses you from doing so. If you plan to change where you work or anything about your work

21  (such as your position or your job responsibilities), you must notify the probation officer at least

22  10 days before the change. If notifying the probation officer at least 10 days in advance is not

23  possible due to unanticipated circumstances, you must notify the probation officer within 72

24  hours of becoming aware of a change or expected change; and

3

1                 v.      You must not incur new credit charges or open additional lines of

2 credit without the approval of the probation officer.

## II. THE USAO'S OBLIGATIONS

4     2.     The USAO agrees to:

5           a.     Stipulate to facts agreed to in this agreement;

6           b.     Abide by all agreements regarding sentencing contained in this agreement;

7           c.     At sentencing, provided that defendant demonstrates an acceptance of

8 responsibility for the offense up to and including the time of sentencing, recommend a two-level

9 reduction in the applicable sentencing guidelines offense level, pursuant to USSG § 3E1.1 and

10 move for an additional one-level reduction if available under that section; and

11           d.     Not bring any additional charges against defendant arising out of the

12 investigation in the District of Nevada which culminated in this agreement and based on

13 conduct known to the USAO. However, the USAO reserves the right to prosecute defendant for

14 (a) any crime of violence as defined by 18 U.S.C. § 16; and (b) any criminal tax violations

15 (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371). Defendant

16 agrees that the district court at sentencing may consider any uncharged conduct in determining

17 the applicable sentencing guidelines range, the propriety and extent of any departure from that

18 range, and the sentence to be imposed after consideration of the sentencing guidelines and all

19 other relevant factors under 18 U.S.C. § 3553(a).

## III. ELEMENTS OF THE OFFENSE

21     3.     <u>Count One</u>: The elements of Possession of 15 or More Counterfeit or

22 Unauthorized Access Devices in violation of 18 U.S.C. § 1029(a)(3) are as follows:

23     <u>First</u>:      The defendant knowingly possessed at least 15 access devices at the same

24                    time;

4

Second:      The defendant knew that the devices were counterfeit or unauthorized;

Third:      The defendant acted with the intent to defraud; and

Fourth:      The defendant's conduct affected commerce between one state and another state or between a state of the United States and a foreign country.

*See* Ninth Circuit Model Criminal Jury Instruction 15.12 (revised Mar. 2022

## IV. CONSEQUENCES OF CONVICTION

4.      Maximum Statutory Penalties: Defendant understands that the statutory maximum sentence the district court can impose for a violation of 18 U.S.C. § 1029(a)(3) as charged in Count One is: 10 years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

5.      Parole Abolished: Defendant acknowledges that defendant's prison sentence cannot be shortened by early release on parole because parole has been abolished.

6.      Supervised Release: Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.      Factors under 18 U.S.C. § 3553: Defendant understands that the district court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining defendant's sentence. However, the statutory maximum sentence limits the district court's discretion in determining defendant's sentence.

8.    <u>Potential Collateral Consequences of Conviction</u>: Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the district court accepts defendant's guilty pleas, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.    <u>Potential Removal/Deportation Consequences of Conviction</u>: Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The district court cannot advise defendant fully regarding the immigration consequences of the felony conviction in this case, but defendant's attorney has advised him about the deportation risks of his guilty plea. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

## V. FACTUAL BASIS

10.    Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant acknowledges that if defendant elected to go to trial instead of pleading guilty, the USAO could prove defendant's guilt beyond a reasonable doubt. Defendant further acknowledges that defendant's admissions and declarations of fact set forth below satisfy every element of the charged offenses. Defendant waives any potential future

claim that the facts defendant admitted below are insufficient to satisfy the elements of the charged offense. Defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

        a.      Beginning on a date unknown and continuing until August 30, 2022, the defendant engaged in fraudulent activities as directed by Coconspirators 1 and 2. The defendant was given a large amount of compromised Personal Identifiable Information (PII) (i.e. name, address, date of birth, social security number, bank account information and credit card numbers) by Coconspirator 2.

        b.      Using this PII, the defendant created fraudulent identification documents, such as Nevada and California drivers' licenses, and counterfeit social security cards. The defendant used the counterfeit drivers' licenses and counterfeit social security cards to apply for lines of credit through the major creditors and retail stores, as well as to open bank accounts and online postal mailboxes, all of which was done in the victims' identities with their PII. The defendant made a folder for each victim and stored the counterfeit drivers' licenses, counterfeit social security card, rechargeable debit cards, credit reports, bank account documents, postal mailbox rental agreements, and unauthorized credit cards that she had obtained in the victim's name in that folder, creating identity packets. The defendant knew and intended that these identity packets would be used by Coconspirator 2 and other coconspirators to fraudulently obtain money and other things of value.

        c.      In July of 2022, the defendant visited an online advertising platform that was being operated by undercover law enforcement officers. The defendant attempted to purchase equipment that she intended to use to make counterfeit identification documents and counterfeit access devices, such as counterfeit credit cards and debit cards.

1          d.      On or about August 30, 2022, Homeland Security Investigations (HSI)

2  Special Agents and HSI taskforce officers executed a warrant authorizing them to search the

3  defendant's residence in Las Vegas, Nevada. At that time, the defendant was found to be in

4  possession of a large quantity of victims' identity packets, including more than 15 unauthorized

5  access devices, that is the credit and debit cards the defendant had obtained using the victims'

6  PII. The defendant caused the unauthorized credit and debit cards to be mailed to her in and

7  effecting interstate commerce, that is from other states in the United States to the defendant in

8  Nevada. As a result, the defendant gained access to more than $78,000 in lines of credit she had

9  opened in victims' identities, which she and other coconspirators intended to use to fraudulently

10  obtain money and other things of value for their own financial gain.

11                            **VI. SENTENCING FACTORS**

12          11.    <u>Discretionary Nature of Sentencing Guidelines</u>: Defendant understands that in

13  determining defendant's sentence, the district court is required to calculate the applicable

14  sentencing guidelines range and to consider that range, possible departures under the sentencing

15  guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant

16  understands that the sentencing guidelines are advisory only, that defendant cannot have any

17  expectation of receiving a sentence within the calculated sentencing guidelines range, and that

18  after considering the sentencing guidelines and the other § 3553(a) factors, the district court will

19  be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum

20  set by statute for the crime of conviction.

21          12.    <u>Offense Level Calculations</u>: The parties jointly agree and stipulate that, in

22  calculating defendant's advisory guidelines sentencing range, the Court should use the following

23  base offense level and adjustments; acknowledge that these stipulations do not bind the district

24  court; and agree that they will not seek to apply or advocate for the use of any other base offense

level or any other specific offense characteristics, enhancements, or reductions in calculating the advisory guidelines range except as expressly noted in the following paragraphs:

Base Offense Level [USSG § 2B1.1(a)(2)]:                                         6

Gain to the Defendant more than $40,000 [USSG § 2B1.1(b)(1)(D)]:          +6

More than 10 victims [USSG § 2B1.1(b)(2)(A)(i)]:                               +2

Means of Id to Obtain Other Means of Id [USSG § 2B1.1(b)(11)(c)(i)]:      +2

                                                        Adjusted Offense Level:      16

13.    Reduction for Acceptance of Responsibility: Under USSG § 3E1.1(a), the USAO will recommend that defendant receive a two-level downward adjustment for acceptance of responsibility unless defendant (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when defendant enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when defendant enters the guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when defendant enters the guilty plea; (d) provides false or misleading information to the USAO, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding defendant's involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw defendant's guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Under USSG § 3E1.1(b), if the district court determines that defendant's total offense level before operation of § 3E1.1(a) is 16 or higher, and if the USAO recommends a two-level downward adjustment pursuant to the preceding paragraph, the USAO will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because defendant communicated defendant's decision to plead guilty in a timely manner that enabled the USAO to avoid preparing for trial and to efficiently allocate its resources.

14.     Criminal History Category: Defendant acknowledges that the district court may base defendant's sentence in part on defendant's criminal record or criminal history. The district court will determine defendant's criminal history category under the sentencing guidelines.

15.     Additional Sentencing Information: The stipulated sentencing guidelines calculations are based on information now known to the parties. Defendant understands that both defendant and the USAO are free to (a) supplement the facts in this agreement by supplying relevant information to the U.S. Probation and Pretrial Services Offices and the district court regarding the nature, scope, and extent of defendant's criminal conduct and any aggravating or mitigating facts or circumstances; and (b) correct any and all factual misstatements relating to the district court's sentencing guidelines calculations and determination of sentence. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the U.S. Probation and Pretrial Services Offices and the district court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for defendant to withdraw defendant's guilty plea.

Defendant acknowledges that the U.S. Probation Office may calculate the sentencing guidelines differently and may rely on additional information it obtains through its investigation. Defendant also acknowledges that the district court may rely on this and other additional information as it calculates the sentencing guidelines range and makes other sentencing determinations, and the district court's reliance on such information shall not be grounds for defendant to withdraw defendant's guilty plea.

1                    **VII. POSITIONS REGARDING SENTENCING**

2          16.      The parties will jointly recommend that the district court grant a three-level

3    downward variance under 18 U.S.C. § 3553(a) based on the unique facts and circumstances

4    related to this defendant. The government will recommend a sentence at the low-end of the

5    post-variance guideline range and will further recommend that half of the low-end sentence be

6    served in custody, and the other half be served in home confinement as a condition of

7    supervised release pursuant to U.S.S.G. § 5C1.1(c)(2), (d)(2). The defendant can argue for an

8    additional downward variance under 18 U.S.C. § 3553(a) but will not argue for a sentence of

9    less than five years of supervised probation. If the Court sentences the defendant to a custodial

10   term, the parties will jointly recommend that the Court impose a three-year term of supervised

11   release. Defendant will not, either explicitly or implicitly, argue for any other downward

12   departure or variance from defendant's offense level or criminal history category.

13         17.      Defendant acknowledges that the district court does not have to follow the

14   recommendation of either party.

15         18.      Notwithstanding its agreement to recommend a sentence as described above, the

16   USAO reserves its right to defend any lawfully imposed sentence on appeal or in any post-

17   conviction litigation.

18         19.      If defendant commits any act that results in the Court finding that defendant is

19   not entitled to a downward adjustment for acceptance of responsibility, the USAO is entitled to

20   argue for any sentence it deems appropriate under 18 U.S.C. § 3553(a).  In any such event,

21   Defendant remains bound by the provisions of this agreement and shall not have the right to

22   withdraw defendant's guilty plea.

23

24

                                             11

## VIII. WAIVER OF CONSTITUTIONAL RIGHTS

20.     Defendant understands that by pleading guilty, defendant gives up the following rights:

a.     The right to persist in a plea of not guilty;

b.     The right to a speedy and public trial by jury;

c.     The right to be represented by counsel—and if necessary have the court appoint counsel—at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel—and if necessary have the court appoint counsel—at every other stage of the proceeding;

d.     The right to be presumed innocent and to have the burden of proof placed on the USAO to prove defendant guilty beyond a reasonable doubt;

e.     The right to confront and cross-examine witnesses against defendant;

f.     The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify;

g.     The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant; and

h.     The right to pursue any affirmative defenses; Fourth Amendment or Fifth Amendment claims; any other pretrial motions that have been or could have been filed; and challenges to any adverse pre-trial rulings (unless specifically reserved in the following section).

## IX. WAIVER OF APPELLATE RIGHTS

21.     Waiver of Appellate Rights: Defendant knowingly and expressly waives the right to appeal: (a) any sentence imposed within or below the applicable Sentencing Guideline range as determined by the district court; (b) the manner in which the district court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; (c) any other aspect of the conviction,

including but not limited to the constitutionality of the statutes of conviction; and (d) any other aspect of the sentence, including but not limited to the constitutionality of any mandatory or standard conditions of supervised release; the denial of any motion for early termination of supervised release; and any order of restitution or forfeiture.

22.     Defendant reserves only the right to appeal any portion of the sentence that is an upward departure or variance from the applicable Sentencing Guideline range as determined by the district court.

23.     <u>Waiver of Post-Conviction Rights</u>: Defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to defendant's conviction, sentence, and the procedure by which the district court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

24.     <u>Preservation of Evidence</u>: Defendant acknowledges that the USAO and the agencies investigating this case are not obligated or required to preserve any evidence obtained in the investigation of this case.

## X. RESULT OF WITHDRAWAL OF GUILTY PLEA OR VACATUR/REVERSAL/SET-ASIDE OF CONVICTION

25.     <u>Consequence of Withdrawal of Guilty Plea</u>: Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, or that the government agreed to move to dismiss at sentencing as part of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such

13

1   action; and (ii) defendant waives and gives up all defenses based on the statute of limitations,

2   any claim of pre-indictment delay, or any speedy trial claim with respect to any such action,

3   except to the extent that such defenses existed as of the date of defendant's signing this

4   agreement.

5        26.    Consequence of Vacatur, Reversal, or Set-aside: Defendant agrees that if

6   defendant's conviction is vacated, reversed, or set aside, both the USAO and defendant will be

7   released from all their obligations under this agreement, except that, should the USAO choose to

8   pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any

9   applicable statute of limitations will be tolled between the date of defendant's signing of this

10  agreement and the filing commencing any such action; and (ii) defendant waives and gives up all

11  defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy

12  trial claim with respect to any such action, except to the extent that such defenses existed as of

13  the date of defendant's signing this agreement.

14              **XI. BREACH OF AGREEMENT**

15       27.    Defendant agrees that if, at any time after this agreement becomes effective,

16  defendant knowingly violates or fails to perform any of defendant's obligations under this

17  agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's

18  obligations are material, a single breach of this agreement is sufficient for the USAO to declare a

19  breach, and defendant shall not be deemed to have cured a breach without the express agreement

20  of the USAO in writing. If the USAO declares this agreement breached, and the district court

21  finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea

22  pursuant to this agreement, defendant will remain bound by the provisions of this agreement and

23  will not be able to withdraw the guilty plea; and (b) the USAO will be relieved of all its

24  obligations under this agreement.

28. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, or that the government agreed to move to dismiss at sentencing as part of this agreement, then:

      a.    Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

      b.    Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

      c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Federal Rule of Evidence 410, Federal Rule of Criminal Procedure 11(f), or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## XII. COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

29. Defendant understands that the Court and the U.S. Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

30.     Defendant understands that both defendant and the USAO are free to argue on appeal and collateral review that the district court's sentencing guidelines calculations and the sentence it chooses to impose are not error.

31.     Defendant understands that even if the district court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to by the parties, or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one—not the prosecutor, defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## XIII. ADDITIONAL ACKNOWLEDGMENTS

32.     Defendant acknowledges that:

a.     Defendant read this agreement and defendant understands its terms and conditions.

b.     Defendant had adequate time to discuss this case, the evidence, and this agreement with defendant's attorney.

c.     Defendant carefully and thoroughly discussed all terms of this agreement with defendant's attorney.

d.     Defendant understands the terms of this agreement and voluntarily agrees to those terms.

e.     Defendant has discussed with defendant's attorney the following: the evidence; defendant's rights; possible pretrial motions that might be filed; possible defenses that

16

might be asserted either prior to or at trial; the sentencing factors set forth in 18 U.S.C. § 3553(a);

the relevant sentencing guidelines provisions; and consequences of entering into this agreement.

        f.     The representations contained in this agreement are true and correct,

including the factual basis for defendant's offense set forth in this agreement.

        g.     Defendant was not under the influence of any alcohol, drug, or medicine

that would impair defendant's ability to understand the agreement when defendant considered

signing this agreement and when defendant signed it.

33.     Defendant understands that defendant alone decides whether to plead guilty or go

to trial, and acknowledges that defendant has decided to enter defendant's guilty plea knowing of

the charges brought against defendant, defendant's possible defenses, and the benefits and

possible detriments of proceeding to trial.

34.     Defendant understands that no promises, understandings, or agreements other

than those set forth in this agreement have been made or implied by defendant, defendant's

attorney, or the USAO, and no additional promises, agreements, or conditions shall have any

force or effect unless set forth in writing and signed by all parties or confirmed on the record

before the district court.

35.     Defendant acknowledges that defendant decided to plead guilty voluntarily and

that no one threatened, coerced, or forced defendant to enter into this agreement.

36.     Defendant is satisfied with the representation of defendant's attorney, and

defendant is pleading guilty because defendant is guilty of the charges and chooses to take

advantage of the promises set forth in this agreement and for no other reason.

/ / /

/ / /

/ / /

17

## XIV. PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

37.    The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE DISTRICT OF NEVADA

SUE FAHAMI
Executive Assistant

_____        10/2/2025
KIMBERLY M. FRAYN                       Date
Assistant United States Attorney


_____        10/2/25
CHRISTINA FAVA                          Date
Defendant

_____        10/2/25
CHRIS RASMUSSEN, ESQ.                   Date
Attorney for Defendant Fava

**EXHIBIT A**
**Form of One-Count Information**
**Charging Defendant Fava**

THE UNITED STATES ATTORNEY CHARGES THAT:

COUNT ONE
Possession of 15 or More Counterfeit or Unauthorized Access Devices
(18 U.S.C. § 1029(a)(3), (c)(1)(A)(i))

On or about August 30, 2022, in in the State and Federal District of Nevada and

elsewhere,

CHRISTINA FAVA,

defendant herein, did knowingly and with intent to defraud, possess at least fifteen unauthorized

access devices, that is credit cards and debit cards the defendant had fraudulently obtained using

victims' Personal Identifiable Information (PII), said possession in and affecting interstate

commerce, in that the defendant caused the unauthorized access devices to be mailed from other

states in the United States to the defendant in the State of Nevada, all in violation of 18 U.S.C.

§ 1029(a)(3), (c)(1)(A)(i).